NEW-YORK,
Dec. 1822.

The People,
*vs.*
J. H. Osborn.

---

The People *vs.* John H. Osborn. *Assault and Battery.*

JOHN H. OSBORN was indicted for committing a violent assault and battery upon John Stubbs, on the 29th of July, 1822.

It appeared, by the testimony of, Stubbs, that Osborn commanded a vessel called the Lady Washington, that plyed between New York and one of the southern ports: that the prosecutor was a sailor on board the vessel. After the termination of the voyage and his engagement, and while the vessel was lying at the wharf in the East River, he went to the captain and demanded his wages for services performed on board her.

The prosecutor testified he went into the cabin for the purpose of obtaining a settlement with Captain Osborn: that Osborn, apparently in the act of payment, fraudulently obtained a receipt for the money from the prosecutor. The prosecutor returned again to the vessel and demanded his money. The captain took up a billet of wood and struck him over the shoulders, and ordered him off his vessel. The prosecutor went away, and applied for a process against the Captain from the Marine Court, where a trial was had, and the result unfavorable to him. Mr.

The credibility of a witness is a proper subject for the consideration of a jury. They are to decide what degree of cred it ought to attach to the testimony of any man.

A has a right to come on the premises of B to demand wages; but B has also a right to order him off; and if he does not go, has a right to use force sufficient to turn him off.

NEW-YORK, Stubbs afterwards applied to the Police Office for a war-
Dec. 1822, rant which was granted ; Osborn was taken and brought
The People up, and bailed to answer the charge of assault and bat-
vs. tery. Another fact of this case was, although it was not
J. H. Osborn. suffered to go to the jury, that the grand jury returned a
bill against Osborn of petit larceny, for feloniously ob-
taining possession of the receipt, and for which, a *nolle
prosequi* was entered by the District Attorney. A great
number of witnesses were called, who proved that the
prosecutor was a man of bad character, not to be believed
upon his oath. Others were called who gave him a good
character.

*Price,* counsel for Osborn, offered to prove to the jury,
in order to show the malicious disposition of the prosecu-
tor, that Stubbs had instituted a prosecution against his
client for a petit larceny without good reason or probable
cause.

*Maxwell, District Attorney,* objected that it was foreign
to the present inquiry, and could not be admitted.

*By the Court.*—"This cannot be done. The present
" inquiry is, is the defendant guilty of committing the as-
"sault and battery complained of in the indictment. The
"fact of a prosecution having been commenced by Stubbs
"of a different nature from the one now under inquiry,
"can have no bearing at all on the present question, and
" cannot make a part of this case."

*Maxwell* called witnesses to the character of the prose-
cutor ; they testified they would believe him upon oath,
&c.

*By the Court.* "A great number of witnesses have
"been called ; some testify that he is an honest and in-
"dustrious man, others that his character is bad, and that
"they would not believe him under oath. The credibility

"of a witness is a proper subject for the consideration of "a jury. They are to decide what degree of credit* ought "to attach to the testimony of any man. As to the law "of the case," the court observed, "the prosecutor had a "right to come on board the defendant's vessel for the "purpose of demanding payment of his wages. And that "the defendant also had a right to order him off, allowing "a proper time to demand his wages: that if he did not "go, the defendant had a right to use a force sufficient to "turn him off: but in the amount and exercise of this force, "he must take care that it was not more than was neces- "sary to effect that object.

"In the first case he is justifiable, in the second he is "not." And the court left it to the jury to say, whether more force than was necessary was used.

The jury retired, and in a short time returned with a verdict of guilty.

*Note.—"The doctrine of evidence upon criminal prosecutions is, in "most respects, the same as in civil actions. The rules of credibili- "ty are evidently, in common reason, the same in both cases; and "the chief distinction arises from that caution which always pre- "vails when life is in question, and the anxiety of judges, to look on "every circumstance with the most favorable eye for the defendant. "In one instance, indeed, the superior interest which the public have "in the punishment of offenders, produces a striking difference; for "the party agrieved is allowed to give evidence against the prisoner, "though he is frequently permitted, by restoration of stolen goods, "by rewards, by reimbursement of costs, or other means, to derive a "benefit on his conviction: no injustice need, however, arise from "this exception, which has been found essentially necessary for the "purposes of public justice: because the credibility of the witness is "still left to the jury, and they are left to estimate the probable in- "fluence of interest, or of revenge, on the testimony which he deli- "vers." Chit. vol. 1. p. 453. See also Esp. Rep. 136—139—144.

NEW YORK,     1 Leach, 300---302.  2 T. R. 201.  3. Camp. 401.
Dec. 1822.    The following principles will apply to the testimony of witnesses exam-
The People    ined upon a trial either in a civil or criminal case:
   vs.           1. Where a witness comes fairly before the jury, and who, from
J. H. Osborn.           the circumstances of the case, is the best evidence the na-
                       ture of the case will admit, e. i. was present at the time &c.,
                       his evidence should not be doubted, with the exception
                       that---- ·

                    1. His credibility is a subject for the consideration of the jury : and
                       1st. His character.  Black. Com. vol. 3. p. 395.  Peak's
                             Ev. 140.
                       2d. Being interested.  1 T. R. 300.  Fortes. Rep. 247.
                    2. The manner of giving testimony : his evidence is to be doubted.
                       1. If he is hurried and confused.
                       2. If he attempts to equivocate, palliate, or deny.
                       3. If his character is shown to be bad either by his own con-
                          duct before the jury, or by the testimony of others.  Ball
                          N. P. 284.  1 Vent. 97.
                    4. If his interest in the issue of the trial is such as to afford a
                       reasonable ground of suspicion that he gives his testimony
                       under the operation of that feeling.  1. T. R. 163.  Roll. ab.
                       685.  Rudd's Case : Leach 151.

          With respect to the *quantum* of testimony or number of witnesses, it is
             a settled rule of law that---
                    1. One good witness is sufficient to prove any fact before the ju-
                       ry, in all cases except treason and perjury.  Chit. 456.
                       Black. vol. 4. p. 357.    Carth. 144.  Black. Com. vol. 4. p.
                       357.
                    2. The confession of the prisoner himself of any crime has al-
                       ways been held sufficient evidence of his guilt.  Ibid.

          Presumptive testimony.  Of this species of testimony there are three
             kinds.
                    1. Violent.
                    2. Probable.
                    3. Light.

Violent presumption is a kind of circumstantial evidence amounting to positive proof. For example,

<div style="float:right">

NEW YORK, Dec. 1822.

</div>

1. If A was seen coming out of a room, in which he had been with another, with a bloody sword. And if a man was found recently murdered in that room. And if A on being challenged showed marks of fear, it would amount to positive proof that A was the murderer. And

2. If a landlord sues for rent due at Michaelmas, 1754, and the tenant cannot prove the payment, but produces an acquittance for rent due at a subsequent time, in full of all demands, this is a violent presumption of his having paid the former rent, and is equivalent to full proof; for though the actual payment is not proved, yet the acquittance in full of all demands is proved, which could not be without such payment; and it therefore induces so forcible a presumption, that no proof shall be admitted to the contrary. Co. Litt. 373. Gibb. Evid. 161.

2. Probable presumption arising from such circumstances as usually attend the fact: for example,

1st. Suit for rent due in 1754. The tenant proves the payment of the rent due in 1755. This will also exonerate the tenant. Co. Litt. 373. On proof of payment in 1755, payment will be presumed in 1754. Jac. Law Dic. vol. 2. p. 447.

3. Light presumptions move not at all. Ibid.

For the doctrine of presumptive evidence, see the case of Mary Smith, post.